IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK, #1243617, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0114-M |
| | ) | |
| DR. HOWARD KWELLER, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff is seeking leave to proceed *in forma pauperis*.

Parties: Plaintiff is currently confined at the Stiles Unit of the Texas Department of Criminal Justice – Correctional Institutions Division in Beaumont, Texas. The court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions that prisoners file in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a

prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim upon which relief may be granted.

A review of the U.S. Party/Case Index and the Court Clerk's records reflects that Plaintiff filed thirteen civil rights actions in the United States District Courts for the Northern and Eastern Districts of Texas Dallas in 2005 alone. Three of these actions are described *seriatim*:

1. Quick v. Beacum, 3:05cv1130-L (N.D. Tex., Dallas Div., filed on Jun. 1, 2005). Plaintiff filed this action while confined as a prisoner within TDCJ-CID. On September 26, 2005, the District Court adopted the findings and recommendation of the Magistrate Judge and dismissed this case with prejudice as frivolous. Plaintiff did not appeal.

2. Quick v. Spangler, 2:05cv1149-M (N.D. Tex., Dallas Div., filed on Jun. 3, 2005). Plaintiff filed this action while incarcerated as a prisoner within TDCJ-CID. On December 1, 2005, the District Court adopted the findings and recommendation of the Magistrate Judge and dismissed this case with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). Plaintiff did not appeal.

3. Quick v. Asst. Dist. Atty, 3:05cv1620-B (N.D. Tex., Dallas Div., filed on August 12, 2005). Plaintiff filed this action while incarcerated as a prisoner within TDCJ-CID. On December 16, 2005, the District Court adopted the findings, conclusions and recommendation of the Magistrate Judge and entered judgment dismissing the complaint as frivolous and for seeking relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff did not appeal.

When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final. See Adepegba, 103 F.3d 383, 387-88; 28 U.S.C. § 1915(g) (covering dismissals as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted"). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. Id.; Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462 (5th Cir. 1998).

Applying <u>Adepegba</u> to Plaintiff's prior *in forma pauperis* actions described above, it is clear that he has at least three "strikes" under § 1915(g). Plaintiff accumulated one "strike" for each dismissal in the three actions summarized above.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury." Plaintiff's complaint, which challenges the denial of medical care while he was confined at the Hunt County Correction Center, presents no claim that he was in danger of physical injury at the time of filing the complaint. See <u>Carson v. Johnson</u>, 112 F.3d 818, 822-823 (5th Cir. 1997); <u>Adepegba</u>, 103 F.3d at 388. See also <u>Banos v. O'Guin</u>, 144 F.3d 883 (5th Cir. 1998). Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action as barred by three strikes unless he pays the full filing fee of $250.00 within the next ten days. See <u>Adepegba</u>, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motion for leave to proceed *in forma pauperis*.

It is further recommended that the District Court dismiss this action as barred by three

strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $250.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

    A copy of this recommendation will be mailed to Plaintiff.

    Signed this 24th day of January, 2006.

                                                                _____
                                                                 WM. F. SANDERSON, JR.
                                                                 UNITED STATES MAGISTRATE JUDGE

## NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.